IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLEY ZAPATA, *et al.*,

      Plaintiffs,

                                      Case No. 2:15-cv-3076
  v.                                   Judge Sargus
                                      Magistrate Judge King

RONETTE BURKES, *et al.*,

      Defendants.

REPORT AND RECOMMENDATON

    Plaintiffs, state prisoners currently incarcerated in the Ohio Reformatory for Women ("ORW"), bring this action under 42 U.S.C. § 1983, in connection with alleged denial of medical care. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915A.

    Because plaintiffs, prisoners, seek redress from governmental officers or employees of a governmental entity, this Court must conduct an initial screen of the *Complaint*. 28 U.S.C. § 1915A(a). The Court must dismiss the *Complaint*, "or any portion of the complaint," if it determines that the *Complaint* or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b*)*.

    The *Complaint* asserts not only claims under the Eighth and

1

Fourteenth Amendments to the United States Constitution (Counts I through III), but also state law claims of gross negligence (Count IV), negligence (Count V), and unauthorized disclosure of non-public medical information in contravention of "ORW policy and Zapata's confidentiality." *Id*. ¶ 87 (Count VI).

The supplemental state law claim cannot proceed in this Court unless and until the Ohio Court of Claims has determined that the defendant state officers are not entitled to civil immunity under O.R.C. § 9.86.  *See* O.R.C. § 2743.02(F); *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989)(state employees enjoy immunity from suit in a claim under Ohio law); *Johns v. University of Cincinnati Med. Assocs.,* 804 N.E.2d 19, 24 (Ohio 2004).

It is therefore **RECOMMENDED** that the state law claims asserted in the *Complaint* be dismissed without prejudice unless and until the Ohio Court of Claims determines that the defendants are not entitled to civil immunity under O.R.C. § 9.86.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                s/  Norah McCann King
                                                Norah McCann King
                                                United States Magistrate Judge

December 14, 2015