IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLEY ZAPATA, *et al.*,

      Plaintiffs,

  v.                             Case No. 2:15-cv-3076
                                 Chief Judge Sargus
RONETTE BURKES, *et al.*,        Magistrate Judge King

      Defendants.

<u>ORDER AND</u>
<u>REPORT AND RECOMMENDATION</u>

      Plaintiffs, inmates at the Ohio Reformatory for Women ("ORW"), bring this civil action against various employees of ORW and the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiffs assert claims under 42 U.S.C. § 1983 for the alleged denial of medical care in violation of the Eighth and Fourteenth Amendments and state law claims of negligence and invasion of privacy. *Complaint*, ECF No. 1. On December 14, 2015, the undersigned recommended that the state law claims asserted in the *Complaint* be dismissed unless and until the Ohio Court of Claims determines that the defendants are not entitled to civil immunity under O.R.C. § 9.86. *Report and Recommendation*, ECF No. 2. On January 5, 2016, the Court adopted that recommendation without objection. *Order*, ECF No. 3.  On January 12, 2016, plaintiffs, who are proceeding through counsel, filed a motion to reconsider that decision. *Motion for Reconsideration of the Decision on the Report and Recommendation*, ECF No. 4. Defendants oppose that motion, *Memorandum*

1

*in Opposition to Plaintiffs' Motion for Reconsideration*, ECF No. 5, and plaintiffs have replied in support of their motion, ECF No. 6 ("*Reply*").

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, a district court's authority to entertain such motions is found in both the common law and Rule 54(b) of the Federal Rules of Civil Procedure. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co., Inc.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Plaintiffs argue that the Court erred in dismissing the state law claims. In particular, plaintiffs contend that, because the *Complaint* alleges that defendants acted maliciously and in bad faith, *see id*. at ¶ 77, PAGEID# 11, this Court has jurisdiction to entertain the state law claims asserted against them. Plaintiffs also contend that, in any event, the Ohio Court of Claims lacks jurisdiction to entertain claims

2

under § 1983. In support of these contentions, plaintiffs cite *Von Hoene v. State, Dep't of Rehabilitation & Correction, Div. of Parole & Community Services*, 20 Ohio App. 3d 363 (1st Dist. Ct. App. 1985), and *Hanna v. Ohio Department of Rehabilitation & Correction*, 2009-Ohio-5094, 2009 WL 3089128 (10th Dist. Ct. App. Sept. 17, 2009). Plaintiffs' contentions are not well-taken.

It is true that the Ohio Court of Claims may not entertain claims for affirmative relief against a state agency under § 1983 in connection with conditions of confinement. *Hanna*, 2009 WL 3089128, *2 (citing, *inter alia*, *Baker v. Ohio Dept. of Rehab. & Corr*, 144 Ohio App. 3d 749, 761 (10th Dist. Ct. App. 2001)). However, Ohio's Court of Claims Act was amended in 1987 to expressly provide:

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under second 9.86 of the Revised Code . . . .

O.R.C. 2743.02(F). The Ohio Supreme Court has expressly held that the Ohio Court of Claims has the exclusive jurisdiction to determine whether a state employee is immune from liability on state law claims. *Johns v. University of Cincinnati Medical Associates, Inc.*, 101 Ohio St. 3d 234 (2004), syllabus. Thus, *Von Hoene,* which had previously held that a "malicious act allegation" in the complaint is sufficient to confer jurisdiction on a court of common pleas over individual state employees on state law claims, is no longer an accurate articulation of Ohio law.

3

It is therefore **RECOMMENDED** that plaintiffs' *Motion for Reconsideration of the Decision on the Report and Recommendation*, ECF No. 4, be denied.

Upon unopposed motion, ECF No. 7, defendants may have until fourteen (14) days after resolution of the pending motion for reconsideration to respond to the *Complaint*.


March 8, 2016                                      *s/Norah McCann King*
                                                    Norah McCann King
                                            United States Magistrate Judge