UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY ZAPATA,
*et al.*,

    Plaintiffs,

v.

RONETTE BURKES,
*et al.*,

    Defendants.

Case No. 2:15-cv-3076
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Amended Complaint filed on behalf of Defendants Warden Ronette Burkes, Chief Inspector Roger Wilson (collectively, "Supervisory Defendants"), Dr. Mierla Crison, Kimberly Edwards and John/Jane Doe 1-4 (collectively, "Medical Defendants"). (ECF No. 24.) Plaintiffs[1] oppose this motion (ECF No. 29). For the reasons that follow, the Defendants' Motion to Dismiss Amended Complaint (ECF No. 24) is **GRANTED**.

    I.    **Background**

Plaintiffs Kimberly Zapata and Brenda Meehan, through counsel, filed an amended complaint on November 27, 2016 ("Am. Compl."), initiating this action pursuant to 42 U.S.C. § 1983. (ECF No. 22.) They allege deliberate indifference to their medical needs while they were inmates at the Ohio Reformatory for Women ("ORW"), in violation of the Eighth Amendment. The procedural history of this case is set forth in the Magistrate Judge's Opinion and Order of

---

[1] Pursuant to Rule 25, counsel has filed a notice of suggestion of death, advising the Court that Plaintiff Kimberly Zapata died on January 26, 2017. (ECF No. 31.)

September 7, 2016 (ECF No. 20.) In that opinion, the Magistrate Judge explained that, inasmuch as Plaintiffs had filed claims based on these allegations in the Ohio Court of Claims, certain claims were precluded from being brought in the amended complaint in the case at bar.

> Further, this Court has dismissed Plaintiffs' state-law claims without prejudice unless and until the Ohio Court of Claims determines that Defendants are not entitled to civil immunity under Ohio Revised Code § 9.86. (*See* Docs. 2, 3). Plaintiffs do not argue that the Ohio Court of Claims has made that determination. Consequently, Plaintiffs may not reassert their state-law claims in the proposed amended complaint.
>
> The Court likewise agrees with Defendants' argument that the Eleventh Amendment bars Plaintiffs' official-capacity claims. The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has held that this language forbids private lawsuits by citizens against their own state. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Pennhust State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This includes "suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Accordingly, Plaintiffs may not assert official-capacity claims for monetary relief, and such claims should not be included in the proposed amended complaint.

(Op. & Order, ECF No. 20, at 3-4.) Thus, Plaintiffs' official-capacity claims and state-law claims are not at issue. (*See* Order, ECF No. 9, adopting and affirming the Magistrate Judge's Report and Recommendation and dismissing Plaintiffs' state-law claims.) The only allegations that remain at issue in the amended complaint are the allegations against the Medical Defendants, in their individual capacities. (See Am. Compl., ECF No. 22, ¶¶ 8, 11.)

The amended complaint alleges violations of the Plaintiffs' rights under the Eighth and Fourteenth Amendments to the United States Constitution (Counts I and II, respectively). (Am. Compl., ECF No. 22.)

## II. *Leaman* Issue

Defendants filed a Motion to Dismiss the amended complaint pursuant to Rule 12 (b)(1) and Rule 12(b)(6), and assert that Plaintiffs' claims for damages are barred under *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946 (6th Cir.1987) (*en banc* ). (Mot., ECF No. 24, at p. 8.) The Court concludes that this motion is well taken, and that Plaintiffs' claims for damages are indeed barred. In *Leaman,* the Sixth Circuit, *en banc,* interpreted O.R.C. § 2743.02(A)(1), which states:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a *complete waiver of any cause of action,* based on the same acts or omissions, which the filing party has against any state officer or employee.

(emphasis added). The court held that "any cause of action" is unambiguous and includes both state and federal claims. *Id.* at 951–52. In *Thomson v. Harmony,* 65 F.3d 1314 (6th Cir.1995), the Sixth Circuit reaffirmed this holding, despite intervening lower court cases in Ohio calling its reasoning into question. In *Savage v. Gee,* 655 F.3d 732 (6th Cir. 2012), the Sixth Circuit again affirmed the holding in *Leaman,* and addressed the effect of an intervening case in the Ohio Supreme Court:

> Savage argues that a statement by the Ohio Supreme Court in *Conley v. Shearer,* 64 Ohio St.3d 284, 595 N.E.2d 862 (1992), abrogated the holding in *Leaman* because *Conley* found that § 2743.02 and § 9.86 do not apply to federal claims. Since *Conley,* however, this Court has repeatedly reaffirmed *Leaman* and expressly determined that *Conley* did not disturb its holding. *See Thomson v. Harmony,* 65 F.3d 1314 (6th Cir.1995) (interpreting *Conley* to mean that a claim under § 1983 may be brought directly in the Court of Common Claims, and thus is not subject to Ohio Rev.Code § 2743.02(F)); *see also Plinton v. Cnty. of Summit,* 540 F.3d 459, 463 (6th Cir.2008) ("The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim.") (citation omitted). Though the holding in *Leaman* has been criticized, *see Leaman,* 825 F.2d at 960–71 (Merritt, Chief Judge, Martin, J., Jones, J., and Milburn, J., separately dissenting), it remains the law of our Circuit. Because we have repeatedly held that federal damages claims against state

3

officials are barred where claims based on the same act or omission were previously raised in the Court of Claims, we agree with the district court's finding that Savage's claims for damages are barred. We decline to certify the issue to the Ohio Supreme Court.

(*Id.* at 737-38.)

The court, therefore, finds that Plaintiffs waived their claims for damages against defendants in their individual capacities by filing the action in the Court of Claims of Ohio.

### III.  Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss Amended Complaint [Doc. 22] (ECF No. 24) is **GRANTED.**  The Clerk is directed to close this case.

**IT IS SO ORDERED.**

2-17-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

4